# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES A. BROWN | § | |
| | § | |
| V. | § | A-18-CV-135-LY |
| | § | |
| LORIE DAVIS | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I. STATEMENT OF THE CASE

**A.    Petitioner's Criminal History**

The Director has custody of Petitioner pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas. In Cause No. D-1-DC-14-300630, Petitioner was charged by indictment with three counts of obstruction or retaliation, with four prior felony convictions alleged for sentence enhancement purposes. Petitioner pleaded not guilty to all three counts and waived his right to a trial by jury. Following a bench trial, the trial court found Petitioner

guilty of all three counts and found the enhancement paragraph true. On October 23, 2013, the trial court sentenced Petitioner to 15 years' imprisonment on each count to run concurrently.

On May 12, 2015, the Third Court of Appeals of Texas affirmed Petitioner's convictions. Brown v. State, No. 03-13-00760-CR, 2015 WL 2399816 (Tex. App. – Austin 2015, pet. ref'd). On September 16, 2015, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. Brown v. State, PD-0729-15. Petitioner has not filed an application for state writ of habeas corpus challenging his convictions. Rather, Petitioner filed a federal application for habeas corpus relief, which was dismissed without prejudice for failure to exhaust his state court remedies. Brown v. Davis, No. A-15-CV-951-SS (W.D. Tex. Feb. 8, 2016) (DE #19-20). The Fifth Circuit Court of Appeals denied Petitioner a certificate of appealability. Brown v. Davis, No. 16-50481 (5th Cir. Jan. 23, 2018) (DE# 44).

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      His indictment was insufficient and invalid;

2.      He received ineffective assistance of trial counsel; and

3.      The state trial judge was not fair and impartial.

## II.  DISCUSSION AND ANALYSIS

**A.     Statute of Limitations**

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

2

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Petitioner's conviction became final, at the latest, on December 15, 2015, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court. See SUP. CT. R. 13.1 (setting 90 day deadline for writ of certiorari). Petitioner's previously filed federal application for habeas corpus relief did not operate to toll the limitations period. See Duncan v. Walker, 533 U.S. 167 (2001) (holding an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) and therefore did not toll the limitation period during its pendency). Therefore, Petitioner had until December 15, 2016, to timely file his federal application. Petitioner did not execute his instant federal application for habeas corpus relief until February 5, 2018, after the limitations period had expired.[1]

---

[1] At the time the Court dismissed Petitioner's first federal application for habeas corpus relief, more than eight months remained of the one-year limitations period. Petitioner had more than enough time to return to state court and exhaust his state court remedies or file a new federal application with only exhausted claims.

Petitioner has alleged no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). In addition, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III. RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's

constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

5

district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED this 26th day of March, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE